# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ABRAHAM CHAVEZ-ESQUIVEL,<br><br>　　　　　　　Defendant. | Case No.: 23-cr-1861-JO<br><br>**ORDER CONTINUING COMPETENCY HEARING** |

On February 5, 2024, after finding by a preponderance of the evidence that Defendant Abraham Chavez-Esquivel is presently suffering from a mental disease or defect and is presently rendered mentally incompetent because this mental disease or defect leaves him unable to understand the nature and consequences of the criminal proceedings or to assist properly in his defense, Judge Larry Alan Burns committed the Defendant to the custody of the Attorney General under 18 U.S.C. § 4241(d) and ordered the Attorney General to hospitalize the Defendant in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. (Dkt. 52.) On April 11, 2024, following Judge Burns' retirement, this matter was randomly reassigned to this Court (Dkt. 57) and the competency hearing previously set for June 3, 2024 was rescheduled for May 31, 2024. (Dkt. 58.)

On May 20, 2024, defense counsel filed a joint motion to continue the competency hearing to June 7, 2024 at 1:30 p.m. due to her unavailability on May 31, 2024. (Dkt. 62.)

1  Accordingly, and because the Defendant's competency has not yet been restored as of the
2  date of this order, the Court GRANTS the joint motion to continue the competency hearing
3  to June 7, 2024 at 1:30 p.m. and excludes time under the Speedy Trial Act, 18 U.S.C. §
4  3161(h)(4), because the Defendant has not yet been restored to competency. *United States*
5  *v. Romero*, 833 F.3d 1151, 1154 (9th Cir. 2016) (Holding that, under § 3161(h)(4), the
6  entire period from when defendant was declared incompetent to stand trial by district court
7  to date when defendant was declared competent was excludable for Speedy Trial Act
8  calculations.). The Court will also hear argument on the Defendant's pending motion to
9  dismiss (Dkt. 61) on June 7, 2024 at 1:30 p.m.

Additionally, the Court finds that the ends of justice will be served by granting the requested continuance, and these outweigh the interests of the public and the Defendant in a speedy trial as the Defendant cannot proceed with trial unless and until he is competent to proceed. *See Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004) ("A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent."). Accordingly, the delay occasioned by this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

Further, on October 2, 2023, the Defendant filed a pretrial motion that remains pending. (Dkt. 31.) Additionally, on May 17, 2024, the Defendant filed a motion to dismiss that also remains pending. (Dkt. 61.) Accordingly, the Court finds that time from October 2, 2023 to June 7, 2024 shall be excluded under the Speedy Trial Act on grounds that a pretrial motion is pending. 18 U.S.C. § 3161(h)(1)(D).

IT IS SO ORDERED.

Dated: 5/29/24

Hon. Jinsook Ohta
United States District Judge